UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD TYRONE RIDLEY,

    Plaintiff,

v.                                                      Case No. 4:19cv553-WS-HTC

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT, et al.,
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Edward Tyrone Ridley, filed an amended civil rights complaint, under 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the complaint be dismissed under 28 U.S.C. § 1915(g) because Ridley has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, and Ridley is not under imminent danger of serious physical injury.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff has been deemed a three-striker since 2007, at the latest. For example, in *Ridley v. Donald et al.*, 1:07-cv-177 (M.D. Ga 2007), the Middle District of Georgia found as follows:

> A review of court records reveals plaintiff has a prolific filing history. Specifically, he has filed approximately twenty-two (22) civil rights or habeas corpus actions with the federal courts while incarcerated. At present, at least three (3) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Ridley v. Rhines*, 4:97-CV-301-RH (N.D. Fla Feb. 24, 1998); *Ridley v. King*, l:96-CV-231 (WLS)(M. D. Ga. Jan. 2, 1997)); and *Ridley v. Pridgen*, 5:96-CV-438 (WLS) (M. D. Ga. Nov. 25, 1996).

*Id.* at 2. Recently, in *Ridley v. Warren*, 1:19-cv-4664 (N.D. Ga. 2019), the Northern District of Georgia held as follows:

> Court records reflect that Plaintiff has filed numerous civil actions while he was a prisoner, at least three of which were dismissed as frivolous or for failure to state a claim. *See Ridley v. King*, Civil Action No. 1:96-CV-231-WLS (M.D. Ga. Jan. 2, 1997) (dismissed as frivolous); *Ridley v. Pridgen*, Civil Action No. 5:96-CV-438-WDO (M.D. Ga. Nov. 25, 1996) (dismissed as frivolous); *Ridley v. Brown*, Civil Action No. 1:96-CV-2967-RWS (N.D. Ga. June 23, 1997) (dismissing under 28 U.S.C. §1915(e)(2)).

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. The allegations in the complaint ECF Doc. 1 do not make that showing as they concern whether Ridley was properly placed on the sex offender registry. Therefore, this case should be dismissed under 28 U.S.C. § 1915(g). *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

An additional basis for dismissal is that Ridley falsely stated his prior litigation history in Section VIII of the civil rights complaint form he filed with the Court. The dismissal of an action without prejudice as a sanction for a *pro se*

Case No. 4:19cv553-WS-HTC

prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on different grounds by Jones v. Bock*, 549 U.S. 199 (2007). On the complaint form filed by Ridley, he was asked, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" ECF Doc. 1 at 12. Petitioner identified only a single Northern District of Florida case, 5:16-cv-192-MP-GRJ. As noted above, however, Ridley not only had many cases dismissed as strikes, at least two previous courts have told him he had three or more strikes. Thus, Ridley knowingly gave a false answer to the question, despite certifying in Section IX "under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 14-15. This case is therefore subject to dismissal for abuse of the judicial process. *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012).

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

1. That this case be dismissed without prejudice under 28 U.S.C. §§ 1915(g).

2.   That the clerk be directed to close the file.

DONE AND ORDERED this 19th day of November, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.